RAFAEL F. VEVE CARRILLO, demandante, apelado y apelante *v.* MUNICIPIO DE FAJARDO, demandado, apelante y apelado.

No. 5101.—*Sometido:* Junio 2, 1931. *Resuelto:* Julio 20, 1932.

*Bolívar Pagán,* abogado del apelante-apelado; *H. Torres Solá,* abogado del apelado-apelante.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

█ En su opinión la Corte de Distrito de San Juan expresó que el demandante había obtenido un contrato para la construcción de una escuela en Fajardo, por la que habrían de pagársele $28,663.40 bajo ciertas condiciones bien entendidas. El contrato fué aprobado por las autoridades de rigor. Se le hicieron cambios o reformas cuyos detalles la corte también expone. Entonces la corte revisa las alegaciones. La contestación era defectuosa, ya que meramente negaba párrafo tras párrafo de la demanda. La corte dijo que si el demandante hubiera fiado en el estado de las alegaciones quizá habría obtenido sentencia, pero que en vez de eso fué a juicio. En otras palabras, la corte creyó que el demandante renunció su derecho.

Somos de opinión de que esta renuncia sólo afecta la parte de la demanda que fué probada en el juicio, pero que el demandante aun puede fundarse en hechos alegados y no probados que no fueron controvertidos por la contestación.

█ La corte procede a relatar la evidencia y las gestiones que hizo el demandante con miras de obtener el pago de un saldo adeudádole de $6,045.86. El demandado no presentó prueba alguna. Después de estudiar las defensas planteadas, la corte dictó sentencia por dicha suma.

Este era un pleito ordinario titulado "Cobro de dinero." El demandado sostiene en su primer señalamiento de error que la corte carecía de jurisdicción para conocer de semejante pleito contra un municipio. El demandado se basa en la sección 63 de la Ley Municipal de 1925 (Leyes de ese año, página 738), que lee así:

"Las cortes de distrito tendrán jurisdicción a instancia de parte perjudicada:

"(a) Para anular o revisar cualquier acto legislativo o administrativo de la asamblea municipal, del alcalde o de los demás funcionarios municipales que lesione derechos constitucionales de los querellantes o sea contrario a la Ley Orgánica o las leyes de Puerto Rico, mediante *certiorari;*

"(b) Para suspender mediante *injunction* la ejecución de cual-

quiera ordenanza, acuerdo, resolución u orden que lesione derechos garantizados por la constitución o las leyes insulares;

"(d) Para conceder, mediante juicio ordinario, compensación de daños y perjuicios a los perjudicados por actos u omisiones de los funcionarios municipales, por malicia, negligencia o ignorancia inexcusables. . . . ."

La contención es que no podían entablarse otros litigios que los enumerados. La corte contestó esa contención diciendo, en efecto, que la referida sección no era una delineación completa de todos los poderes o responsabilidades de un municipio; que un municipio es una entidad política con capacidad para demandar y ser demandado. Estamos conformes. Los municipios, como cualesquiera otras entidades, son responsables de sus contratos. Una persona que contrata con ellos no tiene que acudir a un recurso especial, o hasta a una acción por actos torticeros. Su acción nace del contrato o de su quebrantamiento. Al igual que la corte inferior, no advertimos en la legislatura la intención de limitar los derechos de un ciudadano.

El demandado se mostró dispuesto a admitir que el demandante pudo haber incoado un pleito de daños y perjuicios al amparo de la sección 63(*d*). ¿Y qué es este pleito? Aunque titulado "Cobro de dinero," esencialmente es uno por incumplimiento de contrato con daños consiguientes a ser medidos por la cantidad convenida por las partes del contrato.

Las autoridades citadas por el demandado son al efecto de que cuando cierto estatuto concede un remedio que abarque determinado campo o parte del mismo, el remedio es generalmente exclusivo. *Haines* v. *Fearnely et al.,* 117 Pac. 162; *Abel Stowell* v. *Samuel Flagg,* 11 Mass. 364. Sin embargo, esas limitaciones no se extienden a otros campos ni quizá a partes del mismo campo. Uno puede ver con cuánta duda llegó la corte de Massachusetts, *supra,* a su conclusión. Declaró que la legislatura claramente había tenido la intención de conceder un remedio específico para la inundación de terrenos.

En el segundo señalamiento de error se alega que el demandante dejó de probar su contrato. Tanto la demanda como la contestación admitieron el mismo.

■ La corte no cometió error al dejar de especificar de qué fondos se pagaría la sentencia. Ese es el deber del municipio y no de la corte.

El demandante también apeló, señalando error por no concedérsele intereses. No vemos motivo alguno por el cual no debieron concederse los intereses. El municipio no compareció ni radicó alegato en respuesta al alegato razonado del demandante.

*Debe modificarse la sentencia apelada en el sentido de incluir la condena de intereses, y confirmarse en sus demás particulares.*

El Juez Asociado Señor Córdova Dávila no intervino.